## Baker v. Commonwealth.

(Decided May 9, 1919.)

### Appeal from Cumberland Circuit Court.

1. Criminal Law—Bastardy—Evidence.—Testimony by the father of the prosecuting witness that she told him several hours after the birth of her child that the defendant was its father was incompetent, and its admission over defendant's objection held to be under the circumstances of this case prejudicial error.

2. Criminal Law—Argument and Conduct of Counsel.—Statement by the Commonwealth attorney in the presence and hearing of the jury when they announced to the court their inability to agree on a verdict: "Send them back. I am tired of trying these cases at the expense of the Commonwealth," held to be improper and prejudicial.

C. R. HICKS and MILLER & SIMPSON for appellant.

CHARLES H. MORRIS, Attorney General, and BEVERLY M. VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Upon the trial of an indictment charging him with having had carnal knowledge of Gila Graves, an infant under sixteen years of age, appellant was convicted and his punishment fixed at ten years in the penitentiary. As grounds for a reversal of the judgment he urges, among others which we need not consider, the admission of incompetent evidence, and a statement made by the prosecuting attorney in the presence of the jury.

1.   Over the defendant's objection, the court permitted Mary Frances Vaughan, a sister of Gila Graves, to state that another sister "told her she had a record of her daughter's age and that her daughter was the same age of Gila," and while this was error. it was not prejudicial, since neither this nor any other witness testified as to what that record contained, or as to the daughter's age.

The next complaint is of the admission of the statement of Frank Graves, father of Gila, that she told him, several hours after she gave birth to a child, that appellant was its father.   This was, of course, error and under the circumstances prejudicial in our judgment, since it corroborated in a way the testimony given by the prosecuting witness on the trial, that defendant had sexual intercourse with her about nine months theretofore, at a place and under circumstances highly improbable, all of which was denied by the defendant.   The jury may have been induced to believe her testimony rather than defendant's, largely because they believed she told her father the truth when she accused the defendant of being the father of her child shortly after its birth, and when, as he says, "she seemed to be scared and nervous."

2.   The statement made by the Commonwealth attorney, of which complaint is made, may also have been prejudicial.   It was certainly improper and the court erred in refusing to sustain defendant's objection thereto and in failing to admonish the jury not to consider it. As stated in the bill of exceptions, after the jury had been in deliberation for some time they reported to the court they were unable to make a verdict, when the Commonwealth's attorney, turning to the jury, said to the court: "Send them back; I am tired af trying these cases at the expense of the Commonwealth." While it seems improbable that any juror would allow the expense

another trial would impose upon the Commonwealth to induce him to agree to send the defendant to the penitentiary for ten years, if he didn't believe he had been proven guilty, it nevertheless results that the injection of such a consideration into his trial, especially after the jury had announced their inability to agree, renders it impossible for us to convince ourselves that a subsequent agreement on a verdict was wholly uninfluenced thereby.

While there was sufficient evidence to support the verdict upon both facts at issue, viz.: whether defendant had sexual intercourse with the prosecuting witness and whether she was under sixteen years of age at the time, the evidence upon both questions was so conflicting that the jury might have found for either party, and under such circumstances it is quite possible that one or the other or both of the above errors may have turned the almost equally balanced scale against the defendant.

Wherefore the judgment is reversed, and the cause remanded for a new trial.