## Ray v. Commonwealth.

(Decided June 17, 1919.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Misconduct of Counsel.—Misconduct of Commonwealth's attorney, consisting of improper statements in argument to the jury, is not a ground for reversal of a judgment of conviction unless objected to when made. Objection comes too late when made for the first time on the motion and grounds for a new trial in the circuit court.
2. Criminal Law—Motion for New Trial.—A new trial will not be granted on account of newly discovered evidence which merely tends to impeach or discredit an opposing witness, or is only cummulative.

GRAVES & WALL for appellant.

CHARLES H. MORRIS, Attorney General, and BEVERLY M. VINCENT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Ed Ray, shot and killed Dwight Alcock in the city of Paducah. The homicide was followed by an indictment charging appellant with the crime of voluntary manslaughter. The trial resulted in his convic-

tion of the crime charged; his punishment being fixed by the verdict of the jury at confinement in the penitentiary for a term of eighteen years. He was refused a new trial by the circuit court and has appealed.

The homicide occurred about ten and a half o'clock at night, in front of a saloon. Each of the participants was armed with a pistol and each fired several shots at the other. Appellant received a flesh wound in the leg and the deceased a. bullet in the eye, which entered the brain, producing instant death.

While there was a great contrariety of evidence as to whether appellant or deceased fired the first shot, as a whole, the evidence left no doubt that the killing occurred in a sudden affray or sudden heat and passion and, in either event, it was unjustifiable. Hence, there can be no reason for declaring appellant's conviction of voluntary manslaughter unwarranted.

It is, however, contended by appellant that he should have been granted a new trial. First, because of the misconduct of the Commonwealth's attorney in argument to the jury. Second, on the ground of newly discovered evidence. Third, because of the exclusion of certain alleged competent evidence; and that the failure of the circuit court to grant the new trial on one or more of these grounds entitles him to a reversal of the judgment of conviction. As to the ground that the alleged misconduct of the Commonwealth's attorney, consisting of certain remarks calculated, as claimed, to influence the passions and excite the prejudices of the jury against appellant on account of his being a negro and the deceased a white man, it is sufficient to say that the trial court, without objection by appellant to the remarks, rebuked the Commonwealth's attorney for making them and admonished the jury to disregard them. The remarks are not here quoted because, as will presently be seen, we cannot on this appeal review them or the action of the court regarding them; but it is not improper to say that they are such as are frequently used in speeches in the prosecution of criminal cases and not different in meaning or effect to others we have held not so prejudicial as to demand the reversal of a judgment of conviction. Williams v. Comlth., 153 Ky. 710; Meredeth v. Comlth., 145 Ky. 106; Burton v. Comlth., 151 Ky. 587; Wright v. Comlth., 155 Ky. 750. However, in view of the admoni-

tion from the trial court mentioned it will not be presumed that the remarks of the Commonwealth's attorney complained of had the prejudicial effect attributed to them by the counsel.

But, as already intimated, we are prevented from considering the remarks, or any ruling that may. have been made by the trial court respecting them, because of the failure of the appellant to object to them when made, or to ask for the setting aside of the swearing of the jury and a continuance of the case. Objection to improper remarks of counsel in argument to the jury, or to any ruling of the court respecting same, comes too late, when made, as in the instant case, for the first time in the motion and grounds for a new trial. May v. Comlth., 153 Ky. 141; Wright v. Comlth., 155 Ky. 750.

Appellant's complaint of the refusal of the circuit court to grant him a new trial on the ground of newly discovered evidence, is equally without merit. Conceding the diligence, claimed for him by his counsel, it is patent from the affidavits of appellant and the new witnesses that the newly discovered evidence would be and is purely cumulative. It all relates circumstantially to the question whether the first shot at the time of the homicide was fired by appellant or the deceased, as to which matter a great quantity of proof was heard on the trial, much of it being of the same character as that shown by the affidavits.

The affidavit of one of the witnesses, indicates that his testimony would be directed to showing that a witness for the Commonwealth had made to him a statement shortly after the homicide, contradictory of what he had said of the same matter when testifying on appellant's trial. But this testimony would also be cumulative as the Commonwealth's witness had been contradicted during the trial on the same point.

We have repeatedly held that a new trial will not be granted on account of newly discovered evidence, which merely tends to impeach or discredit an opposing witness, or is only cumulative.. To authorize a new trial the newly discovered evidence should be of such convincing character as to have a decisive influence on and against the evidence to be overthrown by it. May v. Comlth., 153 Ky. 141; Ellis v. Comlth., 146 Ky. 715; Robinson v. Comlth., 146 Ky. 291. The newly discovered evidence

here relied on does not meet this test; hence, the refusal of the new trial upon such evidence was not error.

Appellant's complaint that the exclusion by the trial court of the testimony of the witness Upchurch was error, cannot be sustained. Upchurch testified that on an occasion prior to the homicide Alcock, the deceased, drew a pistol on him. This evidence was incompetent. It would have been proper to have permitted proof that Alcock was by reputation or even habit a person of violent temper and quarrelsome disposition, but a single apparently belligerent act like that testified to by the witness cannot be shown. As the instructions, which are not criticised, properly gave the law necessary for the guidance of the jury, the evidence was sufficient to support the verdict, and no prejudicial error appearing in any ruling of the trial court, the judgment must be, and is affirmed.