**James Earl JACKSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 7, 1956.

Shumate & Shumate, George T. Ross, Richmond, John Y. Brown, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

James Earl Jackson was convicted of voluntary manslaughter and sentenced to 21 years in prison. He appeals, urging that the court erred in: (1) admitting incompetent and prejudicial evidence, and (2) failing to instruct the jury upon the whole law of the case.

The facts are set forth in Commonwealth v. Jackson, Ky., 281 S.W.2d 891, and will not be repeated here. Suffice it to say that appellant shot and killed one Webb and his justification was self-defense.

In our former opinion certifying the law we held it permissible for the Commonwealth to cross-examine appellant's wife concerning a certain contradictory statement she allegedly made to Abe Gilbert and

his daughter shortly after the shooting took place. The Commonwealth undertook to ask a somewhat similar question during the trial now under consideration. It is contended on this appeal that we should retreat from our former decision and adjudge that the question approved was incompetent because it injected another crime into the case and was highly prejudicial to appellant. We have reconsidered our former ruling in the case above cited, and the majority of the court is still of the opinion that the question formerly considered was competent if the jury be fully admonished as to its purpose and effect.

An examination of our former opinion, Commonwealth v. Jackson, Ky., 281 S.W. 2d 891, will show that the only ground upon which the alleged contradictory statement would be admissible is that it described the conduct of appellant at the time of the shooting and tended to show a motivation other than self-defense. The question asked appellant's wife in the former trial was as follows:

"Q. 16. Didn't she (Jannie Brewster) ask you what *the reason was for the shooting* and you said there that James Jackson had shot and killed a man up there, and at the same time you said, *he had a crazy spell on then the same as he did a few days before when he shot you?*" (Our emphasis.)

We considered the reference to a former shooting of the wife as a necessary element of the contradictory statement because it characterized the conduct of appellant in shooting Webb. A "crazy spell" unrelated to the act of shooting is meaningless. Its only significance in the trial of this appellant was to contradict the witness' testimony that appellant shot in self-defense. Unless the crazy spell is tied up with the act of shooting Webb, the question would be irrelevant for any purpose.

In the trial now before us the question we approved was not asked. Instead we find the following:

"Q. 1. At the time after the shooting when Mrs. Jackson had come to your service station to have them, to ask some of you to report the incident to the law and after that incident had been reported, I will ask you if Mrs. Jackson said, if Mrs. James Jackson, the wife of the defendant, said to you, in words or substance, that she had to hurry back, because James Earl Jackson was having another one of his crazy spells like he had sometime before when he shot her,"

This question does not present the contradictory elements discussed in our former opinion. It is subject to the criticisms pointed out by Judge STEWART in the dissenting opinion in the former case. It attempts without justification to inject into the trial another crime of appellant. The substance of this evidence is that the witness *had to hurry back because her husband was having a crazy spell,* obviously after the shooting. Appellant's conduct after the shooting had no relevancy to the only purpose for which the question could be asked, and the same is true with respect to the reason why the witness felt it necessary to return to the scene. As we have tried to make abundantly clear, the competency and relevancy of this question are dependent upon its showing a reason why appellant shot Webb at the time he shot him.

It is our view that the question asked, now before us on this appeal, was completely irrelevant and was otherwise incompetent because injecting into the case another possible crime without a proper reason therefor. Obviously it was prejudicial and requires reversal of the judgment.

The majority of the Court is still of the opinion that the character of question formerly approved is competent and it may be asked on another trial provided a proper admonition is given by the trial court. Unless the question and the rebutting testimony are confined to a description of the

nature of appellant's conduct at the time of the shooting and are contradictory to the testimony of the witness, any reference to the former shooting is incompetent and should not be introduced.

■ Appellant next urges that the coroner should not have been permitted to testify that no weapon was removed from the clothing of the deceased after it was placed in his custody. The objection raised to this testimony is that the integrity of the clothing had not been established. The fallacy of this contention is that there was no necessity to establish the integrity of the deceased's clothing simply because no attempt was made to introduce it as an exhibit. The proof related to the presence or absence of a weapon, not the condition of the clothing. Hence, the rule relied upon by appellant is not applicable in the instant case.

■ Further complaint is made to testimony of Hal Perry, a Civil Engineer, who had prepared a map of the scene of conflict, and who testified on behalf of the Commonwealth concerning the location of certain physical objects referred to during the course of the trial. Appellant insists that the court erred in allowing Perry to state that there is a driveway in front of appellant's home located "along the right of way line, half on the right of way, and one-half on the Roy Clark line." Although it is not clear from the record whether or not Perry had reference to the driveway where the tragedy occurred, we shall assume he did. Appellant claims that Perry was not qualified to express an opinion as to the ownership of the driveway. We agree that Perry's statement was hearsay because Perry admitted that his opinion concerning the location of the property lines was based on what other persons had told him. On an-

other trial this character of evidence should not be admitted.

■ The court gave the following instruction on self-defense:

"II. If the jury believe from the evidence that at the time he shot and killed Levi Webb, if he did so, the defendant believed that he, his family or any one of them, were then and there in immediate danger of death or great bodily harm at the hands of Levi Webb and that it reasonably appeared to him to be necessary to so shoot said Webb in order to protect himself, his family or any one of them from such danger either real or to the defendant apparent then the jury will find the defendant not guilty on the grounds of self-defense or apparent necessity."

The appellant maintains that he was entitled to a further instruction on defense of his home. There was no evidence to support his claim. Appellant and his entire family had left their home when the shooting took place and appellant testified that he shot the deceased in self-defense. Under the evidence, the instruction given adequately covered the whole law on this phase of the case.

The judgment is reversed.

For the reasons set out in the dissenting opinion in Commonwealth v. Jackson, Ky., 281 S.W.2d 891, at page 897, Judges STEWART, MOREMEN and SIMS dissent from so much of the majority opinion as holds competent testimony which was admitted under the guise of attempting to impeach Mrs. Jackson on a collateral matter. They believe such testimony is not only incompetent but so highly prejudicial as to prevent appellant from obtaining a fair trial.