**Virgil McGILL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 1, 1963.

W. R. Gentry, Jr., E. E. Hubbard, John S. Kelley, J. Smith Barlow, Jr., Bardstown, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Chief Justice.

Virgil McGill was convicted of voluntary manslaughter under an indictment charg-

ing wilful murder and, in addition, as he was at the same time indicted and it was established he was convicted twice before of a felony, the jury returned a verdict that his punishment be fixed at life imprisonment under the Habitual Criminal Act, KRS 431.190.

It is claimed the trial court erred to the prejudice of appellant when: (1) It admitted testimony of the commission by him of another homicide; (2) it permitted evidence to be introduced of the perpetration by him of three previous felonies; and (3) it refused to allow him to present proof of three felony convictions of the decedent. These will be considered in the order given.

The facts, briefly stated, are that appellant and the deceased were father and son. Both had been drinking heavily but had had no previous difficulty and, on the day of the killing, they got into a brawl which culminated in the father shooting his son. Appellant contended his son attacked him in a drunken rage and that the gunshot wounds he inflicted, from which the son died, were produced in his necessary self-defense.

The first ground urged for reversal grew out of facts testified to by his daughter. She stated she was at the home of her father on the occasion of the shooting. Both were sitting on the front porch with her brother who was killed and two others. She said her father told her that he had "an urge to kill," that certain people had made him mad, and that he was going to kill someone before the sun went down that day. When asked if her father made any further statement relative to his urge to kill, the daughter replied:

"Well, when he had made this statement to me, I told him, I said: 'Daddy, you don't know what you are saying; you shouldn't say things like that. You know you killed once and you don't want to do it again.' He said: 'Yes, I have killed one man. It doesn't bother me and it won't hurt me one bit if I kill another.' "

This conversation took place an hour to an hour and a half before his son was slain. At the time this testimony was introduced, appellant had not yet taken the witness stand, so that what was stated by the daughter must be considered substantive evidence. An objection, which was overruled, was duly made to the introduction of this testimony on the theory that it constituted proof of another crime unconnected with the offense for which appellant was being prosecuted. It is maintained here the trial court committed a reversible error in permitting this type of evidence to be presented to the jury. The cases relied upon by appellant to uphold this argument are Manning v. Commonwealth, Ky., 328 S.W.2d 421; Powell v. Commonwealth, 308 Ky. 467, 214 S.W.2d 1002.

We conclude the evidence complained of was competent for the reason that it showed an evil motive, namely, an intent to commit the homicide. In 1 Wharton's Evidence, sec. 289, pp. 662–663, the principle of law which would make such testimony competent under the facts given is thus stated: " * * * the declarations of the defendant indicating that he was in an ugly frame of mind, and disposed to commit some crime, though not the particular crime for which he is on trial, are admissible to show his state of mind." See also Commonwealth v. Jackson, Ky., 281 S.W.2d 891, and Jackson v. Commonwealth, Ky., 296 S.W.2d 472.

Appellant asserts that since the Habitual Criminal Act, KRS 431.190, under which he was indicted, requires only a showing of either one or two prior felony convictions, evidence as to the third felony conviction, which was included in the indictment, was not only unnecessary but was inadmissible, because it violated the well-settled general rule that evidence that appellant had committed other crimes unrelated to the offense for which he was being tried could not properly be received.

Appellant was indicted and tried as an habitual criminal pursuant to the terms and

conditions of KRS 431.190. This statute provides, in essence, that if a defendant has been convicted of two prior felonies and is convicted of a third felony, and the jury so finds, he shall be confined in the penitentiary for life. This statute is to the effect that the Commonwealth prove only *two* felony convictions of appellant prior to the one of which he now stands convicted. Although this is the minimum which must be shown for the imposition of the extreme penalty authorized by KRS 431.190, there is no maximum limit placed on the number of prior felony convictions which may be established. Consequently, as was done in this case, evidence of more than two previous felony convictions may be introduced.

Also, if the Commonwealth had only charged appellant with two prior felony convictions, when he had three or more such previous convictions of record, and the Commonwealth had failed to prove one of the two charged, then the maximum penalty authorized by KRS 431.190 could not be imposed. For this reason, therefore, the Commonwealth's latitude should not be limited to the introduction of evidence relating to only two prior felony convictions, if appellant has been convicted of felonies three or more times previously and if such are included in the indictment.

■ As to the next point raised, it was shown by avowal that the deceased had been convicted of grand larceny, of taking a motor vehicle without the consent of the owner, and of storehouse breaking. Appellant claims that evidence of the commission of these crimes was wrongfully excluded because it would have given the jury an insight into the reputation of the deceased for peace and quietude and would have been revealing on the question of who was the aggressor.

In Roberson's New Kentucky Criminal Law and Procedure, sec. 489, p. 657, this statement appears: "Proof of the violent and dangerous character of the deceased can only be made by evidence of his gen-eral reputation in the community for such character, and not by evidence of specific acts or general bad conduct, or of isolated facts, which are not connected with the homicide." See Stegall v. Commonwealth, 237 Ky. 694, 36 S.W.2d 338; Ray v. Commonwealth, 184 Ky. 800, 212 S.W. 908; Lucas v. Commonwealth, 141 Ky. 281, 132 S.W. 416. Following these established rules, the trial court properly rejected evidence of the deceased's criminal record.

Wherefore, the judgment is affirmed.