**James (Gene) STEWART, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 30, 1965.

J. E. Caylor, Somerset, Allen & Clontz, Mount Vernon, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of a third violation of local option laws (KRS 242.230 and 242.990) and sentenced to serve one year in prison. In seeking reversal of the conviction he contends that the trial court erred in giving certain instructions to the jury which were not authorized by the evidence.

Before reaching the merits of the arguments of the parties we must determine whether appellant has preserved the alleged error for appellate review. This preliminary question arises since appellant did not object at the time the instructions were submitted to the jury nor did he state in his motion for a new trial any reason why the instructions were incorrect. The only allegation of error concerning the instructions is contained in his motion for new trial that "the court erred in the instructions given the jury."

In Piper v. Commonwealth, Ky., 387 S. W.2d 13 (rendered February 12, 1965), RCr 9.22, 9.54 and 10.12 were construed to require claimed errors to be timely presented so as to afford the trial court an opportunity to rule upon the questions raised.

Since in the instant case the contentions of error are based upon insufficiency of evidence to support the given instructions, we conclude that the mere allegation the court erred in instructing the jury was not sufficiently specific to apprise the trial court of the nature of the alleged error nor give it a chance to consider the merits of these contentions. Hence they are not preserved for review.

The judgment is affirmed.