James Douglas NAPIER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1968.

Rehearing Denied April 26, 1968.

Louis W. Gorman, Wesley Bowen, Newport, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

James Douglas Napier appeals from a judgment sentencing him to 15 years in prison pursuant to a jury verdict finding him guilty of involuntary manslaughter in the first degree. KRS 435.022(1). He was tried on an indictment for willful murder. KRS 435.010.

Marvin Ray Cox was shot and killed late one Saturday night or early Sunday morning on the street in front of a tavern or cabaret in Newport, Kentucky, from which he had been ejected a few minutes earlier following a fight between him and the appellant, Napier. According to witnesses for the Commonwealth, when Cox got outside he discovered his billfold was missing, and two of his companions voluntered to go

back inside to retrieve it; as the two companions re-entered the cabaret Napier came out, confronted Cox and asked him, "Do you want any more?" to which Cox either replied "No" or did not reply at all, whereupon Napier kicked him in the stomach (or, depending on the version of the particular witness, did not kick him but backed him across the street), shot him in the face with a pistol, and returned inside; Cox being all the while unarmed and having made no threat or show of force toward Napier.

Napier's story, corroborated by some of the employes within, and by a freshly discovered pair of witnesses who say they drove up in a car just in time to see all that took place outside, and then left the scene, was that a waitress had asked him to admonish Cox and those at his table to be quiet or leave (Napier had formerly been employed there as a bouncer or "floor manager," but was present as a customer at this time), whereupon Cox seized him by the coat lapel and jerked him across the table; this precipitated a fight, and some of the employes and bystanders assisted him in putting Cox and his friends out on the street; as Cox went out the door he shouted that he would be back, addressing Napier by an obscene name; Napier waited inside for 10 or 15 minutes and, in view of Cox's threat to return, decided he had better go home; as he went out the door he was confronted by Cox, who had a gun in his hand and announced, "I am going to kill you;" two of Cox's company forthwith seized and jerked him out onto the sidewalk, and he grappled with Cox; the struggle "lasted all the way across the street," the gun "went off," Cox fell to the sidewalk, and Napier took refuge for the time being inside the cabaret; Napier did not have a gun in his hand or in his possession at any time and did not shoot Cox.

The gun that killed Cox was never found. His billfold was discovered in a toilet bowl in the men's room of the cabaret. The fatal bullet entered his face just to the left of the nose, took a downward course and came out below the right ear.

Appellant's first contention is that he was entitled to a directed verdict of acquittal and that the verdict was flagrantly against the evidence. Our reaction is that only the Constitution saved him from a directed verdict for the Commonwealth.

Over appellant's objection the Commonwealth was permitted to introduce a post mortem photograph of the victim's face showing the bullet hole and other marks of the fray. It is described as "grisly and gruesome." Since a pathologist had quite clearly demonstrated to the jury the points of entry and exit, we concede that the photograph may not have been strictly necessary. Nevertheless, an accurate photograph is more believable than any chart or second-hand description and in this case, as it developed, appellant's theory that Cox somehow managed to shoot himself made the precise location of the wound vitally important.

It has been said that if the evidentiary value or necessity of a gruesome photograph outweighs its possible prejudicial effect it may be admitted. 29 Am. Jur.2d 861 (Evidence, § 787). "The rule prohibiting the exhibition of inflammatory evidence to a jury does not preclude the revelation of the true facts surrounding the commission of a crime when these facts are relevant and necessary." Salisbury v. Commonwealth, Ky., 417 S.W.2d 244, 246 (1967). But we need not depend on that principle as a basis for holding this particular photograph admissible. The fact is that it was not so gruesome as to be likely to prejudice or inflame the men and women, inured as they are to the horrors of both war and television, who sit on a modern jury. The time has come when it should be presumed that a person capable of serving as a juror in a murder case can, without losing his head, bear the sight of a photograph showing the body of the dece-

dent in the condition or place in which found. "Where the photographs revealed nothing more than the scene of the crime and the persons of the victims, they were not incompetent." Salisbury v. Commonwealth, id.

This case had been tried on a prior occasion, and from time to time in questioning the witnesses counsel for one side and the other made reference to the former trial. During his summation the Commonwealth's Attorney, after insisting upon a verdict of murder, said to the jury, "* * * if you decide he is guilty, whatever you do, don't hang up on what the punishment should be, and make us try this case over again," to which counsel for appellant objected and moved for a mistrial. The motion was overruled, but the court admonished the jury as follows:

"I will overrule your motion. The jury is admonished not to consider the comments of the Commonwealth's attorney by that last remark, it was entirely improper. It is incumbent upon you to agree among yourselves as to whether the defendant is guilty or not guilty, and then set the punishment. That is up to you to agree, or not to agree. If you don't agree, that is up to you."

In Baker v. Commonwealth, 184 Ky. 207, 211 S.W. 566 (1919), one of the grounds for an appeal from a 10-year sentence in a carnal knowledge case was that when the jurors, after having deliberated for some time, reported to the court that they were unable to agree the Commonwealth's Attorney remarked, "Send them back; I am tired of trying these cases at the expense of the commonwealth." There was no corrective admonition and, of course, the jury did eventually reach a verdict. In reversing the conviction, principally on another ground, this court said that although it seemed improbable that any juror would let the expense of another trial induce him to send a man to the penitentiary for 10 years if he was not convinced of his guilt, yet in view of the statement's having been made after the jurors had announced their inability to agree it was not possible to say it could not have had a prejudicial influence in the subsequent verdict.

The circumstances in this case were quite different from those in *Baker*. Here the jurors had not begun their deliberations, and the trial court gave a prompt, clear and forceful admonition sufficient to obviate whatever consideration they might otherwise give to the improper statement. As aptly observed in the Commonwealth's brief, if it cannot be presumed that the jurors heeded the admonition their intelligence stands in grave doubt indeed. We find the possibility of prejudice too remote to warrant serious consideration of a reversal.

The remaining arguments have a great deal of substance but for one fatal circumstance. Appellant says there was no room in the case for the instructions on involuntary manslaughter and that the instruction on accidental shooting was improperly drawn because it did not cover his theory that he did not fire the gun. All of this may be so. On the manslaughter question, see Vinson v. Commonwealth, Ky., 412 S.W.2d 565 (1957). But objections of this kind simply cannot be raised for the first time on appeal. "If the defendant neither objects to the instructions nor raises the question in a motion for new trial, the alleged error will not be reviewed." Stanley's Instructions § 797 (1967 Supp.); Stewart v. Commonwealth, Ky., 389 S.W. 2d 910 (1965). Among various objections lodged against the instructions in the trial court, none related even remotely to the points now relied upon.

The judgment is affirmed.

All concur.