**Lafayette McCRANNEY and Milton Dickerson, Jr., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 30, 1970.

Francis E. Bauman, Joseph A. Biagi, Louisville, Walter B. Smith, Shelbyville, for appellants.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Appellants were found guilty of "knowingly receiving stolen property," consisting of eight cases of Imperial Brand Hiram Walker whiskey and one case of vodka,

and each was given two years in prison. It was charged the booze was stolen from Gateway Distributors, Louisville, Kentucky.

A third defendant, Charles Allen Anthony, was also charged, found guilty, and given a two-year sentence, but he has not appealed.

Appellants say their conviction should be reversed for three reasons: (1) failure of the trial court to give an instruction on their theory of their defense; (2) "in the absence of" such an instruction, "the prejudicial effect" was "compounded by certain questions propounded on cross-examination"; and (3) the "evidence overwhelmingly" supports their "theory of defense" and the verdict is contrary to law and evidence.

We briefly review the facts.

On February 23, 1968, Dale Fortner, a Kentucky state trooper, saw appellants' codefendant Anthony sell a case of whiskey to Gayle Stivers, who operates a filling station in Shelbyville, Kentucky. Stivers tipped Fortner off about the sale and later arranged with Anthony to deliver some additional cases of whiskey the following day (Saturday, February 24, 1968).

Pursuant to the arrangement, Don Powers, a detective with Kentucky State Police, and Trooper Belcher, both in plain clothes, traveling in a pickup truck, met with defendants on U.S. 60 at Little Bullskin Creek west of Shelbyville. The appellants were hesitant to transfer the whiskey on U.S. 60, and suggested that they drive on toward Simpsonville, which they did. About five miles out and on Brooks Lane, appellants took six cases of whiskey from McCranney's car and three cases from Anthony's car and placed the nine cases with serial numbers and brand names which matched those stolen in Louisville in the officers' pickup truck. Whereupon the officers displayed their badges and arrested all three of them.

Dickerson stated he was just going along "for the ride," but a search of his person disclosed he had $400 in cash, although he claims he received the money from the sale of a motorcycle.

McCranney's defense was that he did not know the liquor was stolen and that his car was used for $8 and some "gas money."

■ Appellants' first ground for reversal is unavailable for appellate review for the simple reason appellants did not properly object on trial or in motion and grounds for a new trial. The only objection was a general one to the instructions as a whole, without pointing out to the court that they desired a specific instruction spelling out their defense in substantially the same language as given in evidence. This objection was insufficient under RCr 9.22 and 9.54 and the three following cases: Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964); Napier v. Commonwealth, Ky., 426 S.W.2d 121 (1968); and Patrick v. Commonwealth, Ky., 436 S.W.2d 506 (1969).

■ Appellants' second point is, we think, without a semblance of merit. The cross-examination was essentially a request for detail and elaboration on appellants' theory of defense. Furthermore no objection was made to this cross-examination.

Appellants' third ground for reversal simply is that the evidence was insufficient to convict.

■ The evidence discloses the facts heretofore mentioned. These circumstances taken with the admitted fact that appellants are not licensed whiskey salesmen or distributors were sufficient to justify the jury in finding them guilty. Clatos v. Commonwealth, 298 Ky. 851, 184 S. W.2d 125.

The jury did not have to believe the appellants.

The judgment is affirmed.

All concur.