Harry Leon JOHNSON and Anna Mary Chaney, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

David L. Van Zant, Huddleston, Van Zant & Coyle, Elizabethtown, for appellant Harry Leon Johnson.

Floyd K. Hollan, Elizabethtown, for appellant Anna Mary Chaney.

John B. Breckinridge, Atty. Gen., George R. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Harry Leon Johnson, Anna Mary Chaney and Johnny Cox were jointly indicted for the murder of Robert Klinglesmith. By agreement the indictment was amended to voluntary manslaughter. The jury returned a verdict of guilty as to Johnson and Mrs. Chaney and imposed terms of 15 years and 3 years respectively. The court directed a verdict of acquittal of Cox. Johnson and Mrs. Chaney appeal.

The sequence of events and pertinent information advanced by the Commonwealth was as follows: Johnson operated a small store in a building owned by Mrs. Chaney, which building also provided Johnson's living quarters. On the day of the killing Klinglesmith was in and out of the store, and drinking whiskey which he had purchased from Johnson. Late in the evening Johnson and Klinglesmith started arguing loudly about money. (Someone had stolen about $300 from Johnson and Johnson accused Klinglesmith of taking it.) Johnson struck Klinglesmith on the head more than once with a hammer. Klinglesmith was shot in the head with his own gun. He was killed either by the hammer blows or the bullet. Johnson, assisted by Mrs. Chaney, wrapped the body in a blanket, put it in the trunk of his car and drove out to a deserted place where he threw it over a bank. A short time later Johnson and Mrs. Chaney attempted to wipe up the blood on the floor of the store.

At first both Johnson and Mrs. Chaney denied having any knowledge of the killing. Later Mrs. Chaney told the officers that she would make a statement. She related that she was sitting at the bar in the store when Klinglesmith came in. In a few minutes Johnson came behind the bar and got a hammer. She heard a disturbance, looked up, and saw Johnson hit Klinglesmith on the head with the hammer. Continuing, Mrs. Chaney told the officers that Johnson got a blanket, or directed her to give him a blanket, wrapped it around Klinglesmith and dragged the body into the next room. Johnson directed her, Mrs. Chaney added, to "clean up." She wiped up blood from the floor as demanded because she was afraid not to. She said she did not see Klinglesmith again. She further stated that although she did not see him do it, she was convinced Johnson put the body in the trunk of his car and drove away.

Johnson objected to the admission in evidence of the statement Mrs. Chaney made to the officers because (1) it was hearsay, and (2) in the event Mrs. Chaney did not take the stand he would have no opportunity to cross-examine her, which violated his right to be confronted with the witness against him as guaranteed by the Sixth Amendment of the United States Constitution. Johnson points out that his fears were well founded because Mrs. Chaney did not testify and the trial ended with her statement in evidence and he had no opportunity to cross-examine her. Johnson objected to admission of the statement and moved the court to admonish the jury not to consider any of the statement that would tend to incriminate him. The court overruled the motion. Ordinarily at a joint trial the admission of a non-testifying co-defendant's confession implicating the other defendant violates the constitutional right of confrontation. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476 (1968). But as held in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1970), such error would be considered harmless if the evidence supplied through such confession was merely cumulative and other evidence against the defendant was overwhelming. It is observed that the facts given by Mrs. Chaney

were in accord with Johnson's own testimony, although she did not go as far as Johnson did when he said that Klinglesmith came toward him with a gun. Her statement made no slanting as to which one was the aggressor.

If there was no other evidence connecting Johnson with the crime, the statement of Mrs. Chaney undoubtedly would have been prejudicial and Johnson would have been entitled to a directed verdict, but that was not the case. Among other evidence, Kenny Thomas, a boy 13 years of age, testified that Klinglesmith was planning to give him some money and went into Johnson's store to get change. Kenny remained outside, about five feet from the door. He said people inside started arguing and screaming. He positively recognized the voices of Johnson, Klinglesmith and Mrs. Chaney. He heard Johnson accuse Klinglesmith of having his money. He heard a gun shot. He heard Johnson tell Mrs. Chaney to "Beat him with the rubber tube." Kenny said that "they" came out the "opposite" door and put something in the trunk of the car. Later he said that because of the darkness he could not recognize the participants or who or what was placed in the car trunk. There was also evidence that Klinglesmith's body had Type O blood and Type O blood was found in Johnson's store, in the trunk of the car and on the blanket. There was ample evidence of Johnson's guilt to submit the case to the jury without the statement of Mrs. Chaney.

■ Johnson testified that Klinglesmith was the aggressor and insists that he should have been allowed to introduce into evidence the police record of the deceased showing his propensity for turbulence and violence. His avowal showed that Klinglesmith had been convicted of seven major theft crimes and five misdemeanors. Johnson concedes that under the holding of McGill v. Commonwealth, Ky., 365 S.W.2d 470 (1963), such evidence is inadmissible. He urges that the McGill case be overruled in homicide cases where there are no eye witnesses to the death other than the defendant. We believe our prior holdings are sound and are in accord with the majority of other jurisdictions. See 40 Am.Jur.2d, Homicide, section 306 (1968); 40 C.J.S. Homicide § 272(f) (1944); Roberson's Criminal Law and Procedure, section 489. Johnson was permitted to introduce evidence of the bad reputation of Klinglesmith for peace and quietude.

■ Johnson's last argument is that the Commonwealth's attorney's reference to Johnson as a bootlegger inflamed the minds of the jury to such an extent that it influenced their verdict. The record discloses that Johnson admitted he had sold whiskey to Klinglesmith. The statement of the attorney for the Commonwealth was, "But he was selling, and sold to Klinglesmith, alcoholic beverages. That was where the money was coming from." Since Johnson on the witness stand had made himself out as a bootlegger, we cannot see how the comment of the attorney was incompetent.

■ Appellant Chaney assigns as error the refusal of the court to direct a verdict in her favor. She insists that Johnson absolved her of any wrongdoing. She points to Johnson's testimony which is as follows:

"Q. Did Mrs. Chaney have anything to do with what happened?

A. No. So far as I know she was sitting at the bar asleep.

\* \* \* \* \* \*

"Q. Who wiped up or tried to wash up the blood around the place?

A. I did.

Q. Don't you know that Anna Mary Chaney did that?

A. No. She helped me the next morning to clean up.

Q. Helped you?

A. Helped me to clean up.

Q. She provided the blanket for you to wrap the body in, didn't she?

A. No, she didn't."

These statements of Johnson in his attempt to "whitewash" Mrs. Chaney are in contradistinction to the statement made by Mrs. Chaney to the officers where she said Johnson directed her to hand him the blanket and she helped "clean up." By her own admission Mrs. Chaney was present when Klinglesmith was killed. She denied that at first, which in itself is incriminating evidence. Couch v. Commonwealth, 255 Ky. 729, 75 S.W.2d 360 (1934). There were only three persons in the room according to the statement of Mrs. Chaney and the testimony of Johnson. The persons were Mrs. Chaney, Johnson and Klinglesmith. The following are excerpts from the testimony of Kenny Thomas:

"Q. And you think you heard Mrs. Chaney's voice?

A. Yes, sir.

Q. Are you positive?

A. Yes, sir."

\* \* \* \* \* \*

"Q. How many different sets of voices did you hear?

A. I heard two or three, something. Miss Anna Mary said something and Harry told her to get that rubber tube and hollered at her and said, 'Beat him with the rubber tube.'"

\* \* \* \* \* \*

"Q. Did you see anybody come out of that place after that?

A. They went on the side and backed up the car close to the Joint and they put something in. I don't know what it was."

\* \* \* \* \* \*

"Q. Do you know who was in the car when it left?

A. No, sir.

Q. Do you know who was driving the car?

A. No, sir.

Q. Was there more than one person?

A. Yes, sir."

Since there were only two persons in the store, aside from the deceased, it must be concluded that one of the persons who helped place the object in the trunk and who was seen riding away was Mrs. Chaney. We can but conclude there was sufficient competent evidence to warrant submitting to the jury the question of the guilt of Mrs. Chaney.

■ Mrs. Chaney contends that the court erred in not giving an instruction on involuntary manslaughter. She argues that since there was evidence that the pistol, which might have been the cause of death, was accidentally discharged, an instruction on involuntary manslaughter was mandatory in order to instruct on the whole law of the case. The question was not properly preserved for appellate review. No objection to the instructions was made during the trial and the only time the question was raised was in the motion for a new trial which contained merely the statement, "(2) Because the Court erred in instructions 1, 3 and 4 \* \* \*." RCr 9.54 provides "No objection shall be sufficient unless the specific grounds are stated." In Stewart v. Commonwealth, Ky., 389 S.W.2d 910, 911 (1965), this court found the appellant's allegations of error in the trial court's instructions insufficient and stated:

"\* \* \* We conclude that the mere allegation the court erred in instructing the jury was not sufficiently specific to apprise the trial court of the nature of the alleged error nor give it a chance to consider the merits of these contentions. Hence they are not preserved for review."

Cf. McCranney v. Commonwealth, Ky., 449 S.W.2d 914 (1970).

The judgment is affirmed.

All concur.