Roy Gene LOWE, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1972.

J. W. Jordon, Barbourville, for appellants.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Roy Gene Lowe was convicted of aiding and abetting others of breaking and entering a dwelling house with the intent to steal therefrom and was sentenced to two years in prison. He sets forth several assignments of error but in view of our decision to reverse the case on the ground that the statement of an accomplice was erroneously admitted into evidence we shall not discuss the other alleged errors.

Lowe and Roger Woolum were riding in Woolum's car on their way to hunt squirrels. James Hampton and Clyde Hipsher, Jr. were loafing beside the road and Woolum picked them up. They had driven part way up a hollow when Lowe and Woolum got out and started afoot toward the woods with their guns. The car keys were left with Hampton and Hipsher. In a short while Hampton and Hipsher broke into Beve Sowders' house, stole several items and took them to Hipsher's father-in-law's house. Sowders, the owner of the stolen items, heard about the house being broken into and was driving toward the house when he met Woolum not far from the house with squirrels in his possession. While he was talking with Woolum, Hampton and Hipsher drove by, stopped the car and ran into the woods. Soon Lowe came out of the woods with a couple of squirrels. Lowe and Woolum talked with Sowders awhile and denied knowing about or having anything to do with the stealing. The next morning Lowe was seen driving a car with the stolen items to the courthouse square. Woolum and two girls were with him. All four boys were tried together and each received a two-year sentence.

Hampton made a written statement wherein he stated that "* * * one of

the boys said that [Sowders' house] would be a nice place to hit". In answer to a question regarding Lowe's and Woolum's knowledge of the breaking and entering, Hampton stated, "They was in on it". Hampton also said that he "supposed" Woolum was watching from the woods and "supposed" that the four boys divided the money. Lowe objected to the statement being read to the jury and claims it was prejudicial error, especially since Hampton did not take the witness stand and there was no way to cross-examine him. The question also comes into focus by Lowe's having moved for a severance at the beginning of the trial.

 The specific question is whether admission into evidence of a statement of an accomplice who is not available for cross-examination, which statement inculpates the defendant, violates defendant's rights under the confrontation clause of the Sixth Amendment of the United States Constitution. We do not find where this court has passed on the precise question. The Supreme Court of the United States however answered the question clearly in the affirmative in Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). Douglas was upheld in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where the court went even further to hold that the prejudicial statements of an accomplice could not be made harmless by the court's instruction to the jury to disregard the evidence as against the defendant. We note that Bruton has been modified by Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), wherein it is stated: "In some cases the properly admitted evidence of

guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." We do not consider the statement of Hampton, however, as insignificant or other evidence of Lowe's guilt so overwhelming as to make the admission of the statement harmless. The privilege of confrontation provided for in the Sixth Amendment is applicable to the states. See Pointer v. Texas, 380 U.S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923 (1965), Douglas v. Alabama, supra, and Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

The remaining problem is whether the statement of Hampton was prejudicial to the substantial rights of Lowe, requiring a reversal. RCr 9.26. The inculpating remarks were somewhat indecisive and under some circumstances would not be crucial. In the present case however we consider them extremely prejudicial. The only other facts connecting Lowe with the crime were his presence in the vicinity of the crime (although the importance of this is greatly reduced by his appearing with game in his bag) and his bringing the stolen goods into town the next day. Hampton's statement that "They was in on it" could very well have been the turning point in the jurors' minds when they became convinced that Lowe was not an innocent hunter but an aider and abettor in the commission of the crime.

The judgment is reversed and the case remanded for another trial.

All concur.