**Edward Rollin BUTLER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1974.

David A. Lambertus, Staff Atty., Jefferson District Public Defender, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Edward Rollin Butler was found guilty by a Jefferson Circuit Court Jury of involuntary manslaughter in the first degree, and aiding and abetting robbery. He was charged with the willful murder of Jesse Duff. His punishment was fixed at 15 years' confinement in the penitentiary on an involuntary manslaughter conviction, and two years' confinement on a conviction of aiding and abetting robbery. On March 7, 1974, the trial court sentenced Butler in conformity with the jury's verdict on each conviction and directed that the sentences be served consecutively. It is from these sentences and judgments that Butler appeals, alleging numerous errors for the reversal of his conviction.

Jesse Duff, age 77, and his wife Addie, age 69, had lived at 220 South 23rd Street in Louisville, Kentucky for over 30 years. On September 12, 1973, at approximately 6:30 P.M., they were watching television in the living room of their home. Suddenly Butler and his co-defendants, Varner and Duncan, entered the Duffs' house. Jesse told the men to leave. Butler grabbed Jesse, pulled his hands behind his back, and pushed him against a door. Addie saw Butler strike Jesse across the face with a wrench. Addie pleaded with the men to leave. She was afraid they were going to kill Jesse. When she begged for mercy, Varner dragged her to an adjoining room, forced her to get down on her knees, gagged her with a cloth and tied a scarf over her eyes. She heard Jesse say, "What's the matter with you all, are you crazy?" Butler said, "Where is the rest of it old man?" Butler ordered Duncan to get the billfolds of Jesse and Addie. The three men ransacked the living room, pulling out drawers and strewing clothes about the room. They fled the scene. Addie removed the blindfold and found Jesse face down over a chair. She heard him make a few "gurgling" sounds. She called for help. Fred Collier, a next door neighbor, came, saw Jesse and tried to calm Addie. At the trial, Collier testified that prior to hearing Addie's screams he saw three men run down the sidewalk. One of the men was carrying a rifle. The police were called. Subsequently, Butler, Varner and Duncan were arrested.[1] Addie testified that Butler, Varner and Duncan stole several hundred dollars in cash from them, a rifle and three gold rings.

Butler's first contention of error is that the trial court erred in permitting the Commonwealth's Attorney to introduce a written statement given the police by Butler's co-defendant Varner. The statement referred to "Dog" who was identified as Butler. Varner's statement implicated "Dog", and stated that he had seen "Dog" hit Jesse in the head with a wrench.

1. Varner and Butler were tried jointly. Butler testified; Varner did not. Varner was found guilty of malicious striking and wounding and aiding and abetting robbery. He received sentences of five years and two years respectively. Duncan's trial was severed from that of Butler and Varner because he was a juvenile.

Ordinarily, at a joint trial the admission of a non-testifying co-defendant's statement implicating the other defendant violates the right of confrontation guaranteed by the Sixth Amendment to the United States Constitution. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L. Ed.2d 476 (1968); Lowe v. Commonwealth, Ky., 487 S.W.2d 935 (1972). However where a violation of the *Bruton* rule occurs it need not constitute reversible error if the evidence introduced through the confession or statement of the non-testifying co-defendant is cumulative and other evidence of the guilt of the accused is overwhelming. In such a case only harmless error occurs and the conviction may be upheld. Johnson v. Commonwealth, Ky., 477 S.W.2d 159 (1972); Caine v. Commonwealth, Ky., 491 S.W.2d 824 (1973); Harrington v. California, 395 U.S. 250, 89 S. Ct. 1726, 23 L.Ed.2d 284 (1969).

The statement of Varner should not have been admitted in evidence, and it was error to do so. But in light of the evidence of Addie Duff, who saw Butler strike Jesse with the wrench; and the testimony of a neighbor, Collier, who saw three men flee the Duff's premises with items later identified as stolen; and the testimony that Butler had a silver ring which had been stolen from the Duffs; indicates that the statement of Varner was merely cumulative, and its admission therefore was harmless error. *Lowe* is clearly distinguishable from this case. There was insufficient evidence to implicate Lowe with the offense other than the statement of the co-defendant.

Butler next contends that the trial court erred in admitting into evidence a silver ring found on his person. Butler testified that the ring was a gift from a girlfriend. He could never produce a receipt for the ring. Rings were stolen from the Duffs. The ring was identified as being one taken from the Duffs. Evidence tending to prove the finding in the accused's possession of stolen goods other than those he has been charged with stealing is admissible in evidence. Grider v. Commonwealth, Ky., 479 S.W.2d 11 (1972). If the trial court improperly admitted the ring in evidence, that too was cumulative, and harmless error. Butler was not convicted of robbery but of involuntary manslaughter in the first degree, and aiding and abetting robbery.

Butler's next assertion of error is that the trial court erred in permitting the introduction of three photographs of the body of Jesse Duff which he claims had been moved. The body had not been substantially rearranged after the occurrence of Jesse's death. The record reveals a substantial conflict as to an issue of fact regarding whether Jesse was struck with a blunt instrument. The photograph depicts an abrasion on Jesse's left cheek. This is consistent with Addie's testimony that she saw Butler strike Jesse with a wrench. The photographs were properly admitted to show the nature and location of the injury; to illustrate that the injury could have been caused by the wrench and to corroborate the testimony of the prosecution's witnesses. Grissom v. Commonwealth, Ky., 468 S.W.2d 263 (1971).

Butler argues that the trial court should have directed a verdict of acquittal. This is a frivolous assertion. A directed verdict is justified only where the Commonwealth's evidence fails to establish guilt. The evidence establishes that there was sufficient "continuity and connection between the violence inflicted and the death" of Jesse Duff. Mason v. Commonwealth, Ky., 423 S.W.2d 532, 535 (1967).

Butler's final contention is that the trial court erred in refusing to instruct the jury as to self-defense and assault and battery. What a fertile imagination he has to foist on this court these assertions! Each is repudiated by the evidence. Both assertions are without foundation either in fact or in law. Butler denied striking Jesse or in any other way assaulting him. He did

not testify that he believed he was in danger of death or bodily harm at the hand of Jesse. The evidence did not justify an instruction on self-defense or assault and battery. Brown v. Commonwealth, Ky., 445 S.W.2d 845 (1969); Ragland v. Commonwealth, Ky., 421 S.W.2d 79 (1967).

We have read the record and viewed the exhibits. We have noted the gravity of the crime. Having done so, we conclude that Butler's fate was in the hands of a capable attorney. The trial judge ruled upon his motions with dispatch. His destiny reposed in a compassionate jury, which was lenient under the circumstances. He ought, therefore, go his way rejoicing at the leniency of the jury in imposing a light penalty measured by the gravity of the offense.

The judgment is affirmed.

All concur.