Aaron Keith MOORE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

June 10, 1977.

Discretionary Review Denied
Oct. 24, 1977.

William M. Radigan, F. R. Radolovich, Asst. Public Defenders, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Sam E. Isaacs, II, Asst. Atty. Gen., Frankfort, for appellee.

Before MARTIN, C. J., and PARK and GANT, JJ.

MARTIN, Chief Judge.

The defendant was convicted by a jury in the Fayette Circuit Court of assault with an automobile and sentenced to eight years imprisonment. On appeal he alleges that he was denied a fair trial because even though he refused to be represented by counsel his waiver was equivocal. He further asserts that one juror was improperly seated and that certain photographs were introduced to inflame the jury rather than to prove the case against him.

When the trial began, the following exchange took place at the bench:

THE COURT:

Mr. Moore, the Court will call the case of Commonwealth of Kentucky vs. Aaron Moore, . . . You have indicated previously that you did not desire an attorney to represent you from Legal Aid. I appointed Legal Aid for you some, quite some time ago and told you that that attorney would be available for use at trial if you wanted an attorney; if you wanted an attorney to represent you. I was informed and understood that you hired your own attorney quite some time ago. Have you been successful?

MR. MOORE:

I'm still being held in the Fayette County Jail.

THE COURT:

Do you desire the services of one of these attorneys?

MR. MOORE:

No, I do not.

THE COURT:

Mr. Jackson, being Director, I will ask that one of your attorneys, Mr. Towles, be assigned to this case to remain in the Courtroom and listen to all of the evidence and proceedings. Want him to sit at the table?

MR. MOORE:

I will not have anything to say myself. I don't want him.

To clarify the record, Mr. Famularo, the Commonwealth's Attorney, explained the trial had been continued once due to Moore's request to retain his own attorney.

MR. FAMULARO:

This hearing was held on January 16, 1976 and he indicated he had not hired an attorney and Legal Aid was appointed to represent him some time after that. He indicated that he did not want Legal Aid to represent him and would retain his own attorney. He didn't have means and wanted to retain his own attorney. . .

At that time Mr. Moore indicated he still wanted to retain an attorney if he in fact could do so.

Following the Appellant's refusal of an attorney from Legal Aid, the Court again interrogated him:

THE COURT:

Mr. Moore, I would advise you as Judge of this Court that I feel it would be much better if you were advised by an attorney, represented by an attorney during the trial.

MR. MOORE:

I have no—

THE COURT:

Legal Aid can give you the best representation that you could get—

MR. MOORE:

I don't choose to.

Following more comments by the attorney from Legal Aid and by the prosecutor, the Court advised Moore of the seriousness of the offense with which he had been indicted.

THE COURT:

What is the range of penalty?

MR. FAMULARO:

Ten to twenty.

THE COURT:

Mr. Moore, the range of penalty is from ten to twenty years.

MR. MOORE:

I am aware of that.

THE COURT:

Do you understand the seriousness of it?

MR. MOORE:

Yes, sir.

■ The courts of Kentucky have long recognized the right to counsel may not be waived lightly. This right under the United States Constitution and our own Constitution is jealously guarded. As pointed out in *Jenkins v. Commonwealth,* Ky., 491 S.W.2d 636 at 638 (1973):

The right to counsel is a fundamental constitutional right. In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court defined waiver as an intentional relinquishment or abandonment of a known right or privilege. Courts should indulge every reasonable presumption against waiver . . . and they should not

presume acquiescence in the loss of fundamental rights.

Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an indigent accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

When a defendant refuses to participate in his trial, a tremendous burden is thrust upon the trial judge. How detailedly must he interrogate the defendant? The Supreme Court in *Von Moltke v. Gillies*, 332 U.S. 708, at 723, 724, 68 S.Ct. 316, at 323, 92 L.Ed. 309, suggested this answer:

> To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

In the present case Moore's interrogation by the trial judge as quoted satisfied both the *Jenkins v. Commonwealth, supra,* and *Von Moltke v. Gillies, supra,* standards. Appellant's waiver of counsel, therefore, meets the constitutional test.

 Appellant advances as the next ground for reversal the failure of the trial judge to dismiss for cause one of the jurors.

Moore was at this time conducting his own defense. The Commonwealth had accepted the jury. One juror during questioning by the Commonwealth Attorney said she was related by marriage to one of the Commonwealth's proposed witnesses. Upon further questioning she said this would not in any way affect her judgment as a juror. No one inquired as to the degree of relationship between the juror and the witness. Even though the trial judge advised Moore of his right to challenge jurors, he only nodded and used none of his jury strikes. This juror remained a member of the panel. Absent further proof, the relationship by marriage of a juror and a potential witness does not disqualify the juror for cause.

 The crime with which the Appellant was charged involved recklessly driving his automobile onto the median of a four-lane road, striking his victim and dragging him several hundred feet under the car. The photographs introduced by the Commonwealth Attorney were taken shortly after police arrived at the scene. They included photographs of the car driven by the defendant and the clothing of the victim. The photographs are gruesome but were introduced as competent evidence to depict the scene of the crime and to show how the victim sustained his injuries. As held in *Salisbury v. Commonwealth,* Ky., 417 S.W.2d 244, 246 (1967):

> The rule prohibiting the exhibition of inflammatory evidence to a jury does not preclude the revelation of the true facts surrounding the commission of a crime when these facts are relevant and necessary. Were the rule otherwise, the state would be precluded from proving the commission of a crime that is by nature heinous and repulsive. If evidence is otherwise competent, the fact that it is heinous or repulsive will not make it incompetent. Where the photographs revealed nothing more than the scene of the crime and the persons of the victims, they were not incompetent.

See also *Moore v. Commonwealth,* Ky., 489 S.W.2d 516 (1972); *Napier v. Commonwealth,* Ky., 426 S.W.2d 121 (1968); *Smith*

*v. Commonwealth,* Ky., 402 S.W.2d 686 (1966), and *Howard v. Commonwealth,* Ky., 395 S.W.2d 355 (1965).

A careful review of the three hundred and eighty pages of the transcript and some thirty-eight exhibits would lead to only one conclusion. The defendant Aaron Moore received a fair and impartial trial and was afforded every right guaranteed to him under the Constitution of the United States and the Constitution of Kentucky.

The Judgment of the Circuit Court is affirmed.

All concur.