989 F.2d 499
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wendall HURD, Petitioner-Appellant,
v.
William SEABOLD, Warden, Respondent-Appellee.
 No. 92-5157.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before KENNEDY, NORRIS and SUHRHENRICH, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wendall Hurd, a Kentucky prisoner, filed a habeas corpus petition in which he challenged the constitutionality of a 1985 conviction for felon in possession of a firearm as enhanced as a first degree persistent felony offender (PFO). The matter was referred to a magistrate judge who recommended that the petition be dismissed. The district court eventually adopted the recommendation over Hurd's objections and this appeal followed. Hurd filed a brief in his own behalf and moves for the appointment of appellate counsel and for the preparation of a transcript at government expense. The Kentucky Attorney General's Office has notified the court that it will not be participating in the appeal unless requested by the court.
 
 
 3
 Upon consideration, we find no reversible error in the decision on review. Hurd was convicted in 1985 of being a felon in possession of a handgun. This conviction was enhanced as a first degree PFO following the introduction of certified copies of five prior felony convictions. Hurd's subsequent direct and collateral state court attacks on the conviction and PFO enhancement were unsuccessful.
 
 
 4
 Hurd brought five claims for relief in his habeas corpus petition. The magistrate and district court agreed with Hurd's first contention, that is, a 1964 conviction should not have been used to support the PFO enhancement because Hurd was less than eighteen years of age when he committed the offense. It appears, however, that the prosecution introduced evidence of at least two additional felonies in the PFO phase of Hurd's trial. Therefore, under Kentucky law, the PFO enhancement remains intact so long as the other convictions withstand constitutional scrutiny. See McGill v. Commonwealth, 365 S.W.2d 470 (Ky.1963).
 
 
 5
 Hurd's second and third claims are that his trial counsel, and later his appellate counsel, were ineffective for not challenging the PFO convictions as unconstitutional under Boykin v. Alabama, 395 U.S. 238 (1969). A petitioner claiming ineffective assistance of counsel must demonstrate that counsel's performance was actually deficient and that the deficiencies so prejudiced the defense as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). This claim must fail because Hurd cannot establish that the earlier convictions were entered in contravention of the Constitution.
 
 
 6
 The respondent adduced guilty plea forms as proof of the constitutionality of Hurd's prior convictions. These forms were signed by Hurd and his counsel and manifested an acknowledgement that each signatory understood its contents. Each form contains a paragraph in which the accused rights are enumerated. Included in this paragraph are the right to a speedy trial, the right to confront the witnesses against Hurd, the right to compel attendance of witnesses in Hurd's behalf, and the right to the assistance of counsel at all stages of the proceedings. This evidence, coupled with the presumption of regularity that attaches to the earlier convictions under Parke v. Raley, 113 S.Ct. 517, 523-24 (1992), leads us to conclude that neither Hurd's trial counsel nor his appellate counsel was deficient in not raising this claim.
 
 
 7
 Hurd's fourth claim is that there was insufficient evidence adduced to support the underlying conviction of felon in possession of a handgun under Ky.Rev.Stat. § 527.040. A habeas court will not disturb a conviction for sufficiency of the evidence if, after viewing the evidence in the light most favorable to the prosecution, it concludes that any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In the case at bar, the trial transcript reflects the introduction of a certified copy of a prior felony conviction and the testimony of the arresting officer that he found Hurd in possession of a handgun. This claim lacks merit.
 
 
 8
 Hurd's final claim is that the Kentucky felon in possession of a handgun statute, Ky.Rev.Stat. § 527.040, is unconstitutional. This contention has been considered and rejected by the Kentucky Supreme Court. Eary v. Commonwealth, 659 S.W.2d 198 (Ky.1983). There is no apparent reason to declare the statute invalid in this proceeding.
 
 
 9
 Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.