Clarence WILSON, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 92–CA–2836–MR.

Court of Appeals of Kentucky.

Jan. 14, 1994.

Discretionary Review Denied by Supreme
Court Aug. 24, 1994.

Russell J. Baldani, Baldani, Rowland &
Richardson, Lexington, for appellant.

Chris Gorman, Atty. Gen., Amy F. Howard, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and DYCHE and
WILHOIT, JJ.

*OPINION*

WILHOIT, Judge.

This appeal is from a judgment sentencing the appellant to 15 years' imprisonment for first-degree manslaughter.

Two assignments of error are made on this appeal. The first is that the trial court erred in excluding evidence of four specific violent acts committed by the victim of which the appellant had knowledge. The second is that the trial court erroneously gave the jury a self-protection instruction with an "initial aggressor qualification" which was not supported by the evidence.

The appellant was convicted of shooting and killing his sister's boyfriend. His defense as submitted to the jury was that he shot the boyfriend in the belief that it was necessary to protect himself from death or serious physical injury at the hands of the victim. In support of this defense, the appellant attempted to introduce evidence of four specific acts of violence committed by the victim which either had been witnessed by the appellant or of which he was aware prior to the time of the shooting. The appellant maintained that this evidence was relevant to show his state of mind with respect to his belief in the necessity of using deadly physical force in self-protection. The court ruled that such evidence would be admissible only if the prior violent acts had been directed at the appellant, but they were not.

On appeal, the Commonwealth does not contest the relevance or materiality of this evidence but insists that it was properly excluded because it was incompetent since "specific acts of conduct are not permitted [in evidence] to show the violent character of the deceased." In support of its stance, the Commonwealth cites *Thompson v. Common-*

**878**

*wealth,* Ky., 652 S.W.2d 78 (1983) (*overruled on other grounds* in *Shannon v. Commonwealth,* Ky., 767 S.W.2d 548, 552–53 (1988)), and *Parrish v. Commonwealth,* Ky., 581 S.W.2d 560 (1979), *U.S. cert. denied,* in 444 U.S. 966, 100 S.Ct. 454, 62 L.Ed.2d 378 (1979). We have no quarrel with this statement of the law insofar as it relates to evidence introduced to show who was the aggressor, and the cases cited do indeed state that to be the law. The problem is that it has nothing to do with the case at hand. Here, the evidence was not offered to show that the victim was the aggressor, but to show why the appellant believed it was necessary to use deadly force against the victim. As stated by Professor Lawson, "[i]t is well settled that a defendant can introduce evidence of particular violent acts of an alleged victim, evidence of threats by the victim, and evidence of hearsay statements about such acts or threats, all of which tends to show the defendant had a justifiable fear of the victim at the time of their encounter...." Robert G. Lawson, *The Kentucky Evidence Law Handbook,* § 2.15 at pg. 70 (3rd ed. 1993). *See also, Cessna v. Commonwealth,* Ky., 465 S.W.2d 283 (1971); *Fannon v. Commonwealth,* 295 Ky. 817, 175 S.W.2d 531 (1943); 2 Wigmore, *Evidence* § 248 (Chadbourn rev. 1979). We conclude it was error to exclude the proffered evidence and we are unable to say this error was not prejudicial to the appellant insofar as his defense was based upon self-protection which in turn must be based upon his belief in the necessity of using deadly physical force. *See* KRS 503.-050(2).

■ As to the appellant's second assignment of error, we believe there was sufficient evidence, although it conflicted with the appellant's own testimony, from which the jury could have believed the appellant was the initial aggressor as between the two of them.

The judgment of the trial court is reversed, and this matter is remanded for a new trial.

All concur.