**COMMONWEALTH of Kentucky, Appellant,**

v.

**Charles Edward DAVIS, Appellee.**

No. 98–SC–0164–DG.

Supreme Court of Kentucky.

Dec. 16, 1999.

As Modified Jan. 20, 2000.

Rehearing Denied April 20, 2000.

A.B. Chandler III, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellant.

Susan Jackson Balliet, Assistant Public Advocate, Frankfort, for Appellee.

JOHNSTONE, Justice.

The Kenton Circuit Court denied Charles Edward Davis's RCr 11.42 relief from his 1990 murder conviction based solely on the trial record. He successfully appealed to the Kentucky Court of Appeals that part of the order which denied him a hearing. This Court granted discretionary review pursuant to CR 76.20. Subsequent to filing his reply brief, Davis moved to cite supplemental authority. After careful consideration, the motion is denied. For the reasons set forth below, we reverse the Court of Appeals.

Davis was convicted of the murder of Anthony Wayne Oden and sentenced to forty years' imprisonment. His conviction was affirmed by this Court in an unpub-

lished opinion. *Davis v. Commonwealth,* Ky., 90–SC–059–MR (1990). Subsequently, Davis moved the trial court to set aside or vacate his conviction and sentence pursuant to RCr 11.42. In his RCr 11.42 motion, Davis alleged ineffective assistance of counsel contending that his trial attorney had: (1) failed to object to the jury instructions, which Davis claims were contrary to *Shannon v. Commonwealth,* Ky., 767 S.W.2d 548 (1988); (2) failed to properly preserve the issue of the victim's gang activity; and (3) failed to appeal the trial court's denial of a mistrial based on an alleged violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court of Appeals remanded the case to the trial court to hold an evidentiary hearing on all three issues.

 Ineffective assistance of counsel requires a showing that defense counsel's performance was deficient and that the defendant was prejudiced by that deficiency. *Harper v. Commonwealth,* Ky., 978 S.W.2d 311, 315, *cert. denied,* 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986), citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where the trial court denies a motion for an evidentiary hearing on the merits of allegations raised in a RCr 11.42 motion "[o]ur review is confined to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth,* Ky., 411 S.W.2d 321, 322 (1967).

## JURY INSTRUCTIONS

 Where the ineffective assistance of counsel claim is that counsel erred by failing to object to jury instructions or to the introduction of evidence, it must first be shown that the jury instructions were given in error or the evidence was admitted in error. In other words, if the record does not support the conclusion that the objection should have been sustained, then there can be no ineffective assistance of counsel for failing to object. Thus, if the

instructions were not in error, an evidentiary hearing to determine why defense counsel did not object to them would be futile and pointless.

The instruction in question states:

### *INSTRUCTION NO. IV*

You will find the Defendant, Charles Davis, guilty of Murder under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about April 8, 1989, and before the finding of the Indictment herein, he killed Anthony Oden by shooting him with a handgun; and

B. That in so doing he intended to cause the death of Anthony Oden; and

C. That when he did so he was not acting under the influence of extreme emotional disturbance for which there was a reasonable justification or cause under the circumstances as he believed them to be; and

D. That in so doing, he was not privileged to act in self-protection.

*OR, alternatively.*

A. He killed Anthony Oden by shooting him with a handgun, and,

B. That in so doing, he was wantonly engaging in conduct which created a grave risk of death to another and thereby caused the death of Anthony Oden under circumstances manifesting an extreme indifference to human life.

If you find the Defendant guilty under this Instruction, you will so indicate your verdict on the attached verdict form.

Upon review of the instructions on direct appeal, we stated that "it is impossible to tell whether the jury found intentional murder or wanton murder." The reason it was impossible to make this determination was because the murder instruction included an instruction on intentional murder and an alternate instruction on wanton murder. Further, the verdict form did not

require the jury to state whether it found Davis guilty under IV(a) or under IV(b). Rather, the verdict form only required the jury to state whether or not it found Davis guilty of murder under Instruction IV.

Davis was tried in November 1989. *Shannon* became final in May 1989. The Court of Appeals analyzed the case under *Shannon* and concluded that the murder instruction was in error: "Commingling of instructions, including both intentional murder and wanton murder, is impermissible." *Davis v. Commonwealth,* Ky.App., 96–CA–2620–MR at 5 (1997). Further, the Court of Appeals stated, "If there is any doubt as to the error in this case after reviewing *Shannon,* it is clearly resolved in favor of [Davis] in the commentary on *Shannon* contained in *McGinnis v. Commonwealth,* Ky., 875 S.W.2d 518, 521 (1994)." *Id.* at 9. Contrary to the Court of Appeals, we conclude that the instructions were not in error in light of the controlling law at the time of Davis's trial.

First of all, we note that the question presented in *Shannon* was whether a wanton murder instruction should have been qualified by the defense of self-protection, *Shannon,* 767 S.W.2d at 548, which question was answered in the negative. The *Shannon* Court expressly declined to answer the exact question at issue in this case—"whether the murder instructions should have been limited only to intentional murder"—because the issue was not preserved for review. *Id.* at 549.

Subsequent to the *Shannon* decision, this Court decided *Barbour v. Commonwealth,* Ky., 824 S.W.2d 861 (1992), in which we stated:

> Shannon [is] not to be read as holding that alternative type of instructions on wanton and intentional murder can never be given even when either theory is reasonably supported by the evidence as in this case. Nor can [it] be read to declare that the jury cannot be instructed on the alternative of wanton murder any time the defendant claims self-protection as a defense, even when such

defense is lacking in evidentiary support. We can conclude from these cases, that even though a defendant asserts the defense of self-protection, when the evidence fails to sufficiently demonstrate that he did in fact possess at least a subjective belief in the need for self-defense, the jury can be properly instructed on the alternative of wanton murder along with intentional murder.

*Id.* at 864.

Thus, under *Barbour,* giving alternative instructions on intentional and wanton murder is not in error if the evidence is sufficient to support both instructions. *Barbour* did not represent a change in the law. Rather, the case merely affirmed that *Shannon* had not altered the long-standing rule that alternative instructions on wanton and intentional murder are proper if the evidence reasonably supports either instruction. *Id.,* citing *Hayes v. Commonwealth,* Ky., 625 S.W.2d 583 (1981).

We did rely on *Shannon* to eventually overrule *Barbour. McGinnis,* 875 S.W.2d at 522. However, *McGinnis* was rendered in September 1994, almost four years after Davis had been tried and convicted. Further, *McGinnis* was specifically limited in application "to those cases not final where the issue is preserved." *Id.* at 529. While *Barbour* was likewise rendered after Davis's trial, *Barbour* represents a continuation in the law rather than a break or change in the law.

It seems clear that at the time of Davis's trial, the applicable law in the Commonwealth was that giving alternative instructions on intentional murder and wanton murder was not in error if the evidence reasonably supported either instruction. Thus, the Court of Appeals was in error when it held that the instructions violated the applicable law as expressed in *Shannon.* Because the instructions given did not violate *Shannon,* defense counsel could not have erred by failing to object to the

instructions pursuant to *Shannon.* Therefore, there can be no ineffective assistance of counsel.

## GANG ACTIVITY

In addressing this issue on direct appeal, We stated:

> Appellant further claims error on the assertion that he was prohibited from introducing relevant exculpatory evidence regarding the participation of Anthony Wayne Oden and members of his family in a local gang called the Outlaw Posse. The question was posed by defense counsel during cross-examination of Sergeant Kirtley Brown of the City of Covington Police Department. Brown was one of the officers who arrived at the scene of the shooting.
>
> Whether the proffered testimony was relevant to appellant's state of mind cannot be reviewed as there was no "specific offer of his [Sergeant Brown's] answer to the question" requested out of the presence of the jury as required by RCr 9.52. *Caudill v. Commonwealth,* Ky., 777 S.W.2d 924 (1989).

*Davis v. Commonwealth,* Ky., 90–SC–059–MR at 3–4 (1990).

We reiterate, before there can be ineffective assistance of counsel, there first must be counsel error. In this case, the alleged defense counsel error is failure to place testimony in the record by avowal to preserve an alleged trial court error for appellate review. The alleged trial court error in this case was exclusion of evidence that the victim and his family were members of a gang. Defense counsel's failure to preserve the issue for review only can be error if the trial court erred in excluding the evidence.

The Court of Appeals did not address the issue of whether the trial court erred in excluding the evidence, rather it held:

> Davis alleged that he feared the victim because of the victim's involvement in a gang. In attempting to question a police officer on this point, counsel failed to pursue the interrogation when the trial court sustained the Commonwealth's objection to questions put to the police officer. The Supreme Court noted counsel's omission to make an offer of proof by avowal pursuant to RCr 9.52. Once again, we find recourse to an evidentiary hearing on this point wholly appropriate as it would have had direct bearing on the reasonableness of the belief in the need for self-preservation and therefore on the issue of self-defense.

*Davis v. Commonwealth,* Ky.App., 96–CA–2620–MR at 11 (1997).

The relevant portion of the record is as follows:

> Defense Counsel: As a matter of fact, the [victim's family], some members of it, belonged to the Outlaws. You know that, don't you?
>
> Commonwealth Attorney: Objection.
>
> Trial Court: Sustained. Do not answer. It is immaterial.
>
> Defense Counsel: What was your ruling Judge?
>
> Trial Court: I said it is immaterial. We discussed this prior to trial.
>
> Defense Counsel: Well Judge, I have to begin somewhere to connect it up.
>
> Trial Court: Whether or not this deceased was a member of any gang is immaterial to the events of that evening.
>
> Defense Counsel: I will take an exception to the Court's ruling.
>
> Defense Counsel: Was [the victim] a member of the Outlaw Gang?
>
> Trial Court: Don't answer.
>
> Commonwealth Attorney: Objection.
>
> Trial Court: Sustained. I told you ... the way to prove whether he was or was not a member of a gang, the way to prove character is by general reputation in the community and not by specific acts or anything else.

*Commonwealth v. Davis,* Kenton Circuit Court, 89–CR–167, Transcript of Evidence at 147–48 (1989).

■ Therefore, in order to determine whether defense counsel erred in failing to preserve the issue for review, we must first determine whether the trial court erred in excluding the evidence. In so doing, we assume that Sgt. Brown would have testified favorably to Davis, *i.e.,* he would have testified that the victim and his family were known gang members.

■ In a homicide case where the defendant claims self-defense, evidence of the victim's character can be introduced to show: (1) who was the aggressor in the encounter between the defendant and the victim; and (2) that the defendant had a justifiable fear of the victim at the time of the encounter. *See Wilson v. Commonwealth,* Ky.App., 880 S.W.2d 877, 878 (1994). When offered to show who was the first aggressor, the character of the victim may only be introduced through testimony concerning the victim's general (bad) reputation in the community for peace and quietude. *Johnson v. Commonwealth,* Ky., 477 S.W.2d 159, 161 (1972); *see also* KRE 405(a). However, "a defendant can introduce evidence of particular violent acts of an alleged victim, evidence of threats by the victim, and evidence of hearsay statements about such acts or threats, all of which tends to show the defendant had a justifiable fear of the victim at the time of their encounter." *Wilson,* 880 S.W.2d at 878.

In the case at bar, Davis claimed that the victim was the initial aggressor *and* that he was afraid of him. Thus, for the sake of argument, we assume that Davis should have been able to present both reputation testimony concerning the victim and evidence of specific acts and threats made by the victim. Consequently, we assume that the trial court erred in excluding the testimony in question on grounds that the victim's character could only be shown by testimony as to his general reputation in the community. However, the trial court also excluded the testimony on grounds that the evidence was not relevant.

Testimony that the victim was a member of a gang does not fit either category outlined above. It is not general reputation testimony, nor is it evidence of specific acts or threats. It is merely evidence of the victim's status. Moreover, Davis himself was allowed to testify that he knew that the victim and his family were members of a gang and that he was afraid of the victim because of this. Thus, Sgt. Brown's testimony that the victim had gang member status would have bolstered Davis's testimony that the victim was a member of a gang. However, his testimony would not have been relevant to Davis's testimony that he was afraid of the victim because the victim was a member of a gang. In other words, Sgt. Brown's testimony that the victim was a member of a gang, in and of itself, would not have tended to show that Davis had a justifiable fear of the victim at the time of their encounter. Thus, we cannot say that the trial court abused its discretion in excluding the evidence on relevancy grounds. Consequently, we conclude that failure to preserve Sgt. Brown's testimony by avowal as to the victim's gang status could not have been ineffective assistance of counsel.

We note that there appears to be no case law in the Commonwealth on the admissibility of a victim's involvement in a gang or gang activity in a homicide case where the defendant claims self-defense. We do not hold today that such evidence is always irrelevant. Nor do we hold that this evidence is always inadmissible because it fits neither method of proving an alleged victim's character. Our holding on this issue is limited to the particular facts of the case at bar.

### JURY POOL

■ Finally, the Court of Appeals found that Davis's counsel was ineffective for failing to raise an issue on appeal con-

cerning the racial make-up of the jury pool from which the jury that tried Davis was selected. The rule in this Commonwealth is that "RCr 11.42 cannot be used as a vehicle for relief from ineffective assistance of appellate counsel." *Harper*, 978 S.W.2d at 318.

For the reasons set forth above, the decision of the Kentucky Court of Appeals is hereby reversed.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. I fully agree with the Court of Appeals' decision that this case must be remanded to the trial court for an evidentiary hearing on one of the issues raised in the RCr 11 .42 motion. In my opinion, the trial court should have held an evidentiary hearing on the reason for trial counsel's failure to place the proffered evidence of gang activity on the part of the victim into the record by way of avowal.

The language of RCr 11.42 states that a criminal defendant is entitled to a hearing if there is "a material issue of fact that cannot be determined on the face of the record." Without a hearing there is no way to develop a record in order to review and determine why an issue is not made part of the direct appeal from a criminal conviction. This Court has held that on review of an RCr 11.42 motion, we are "confined to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, Ky., 411 S.W.2d 321, 322 (1967). Counsel's performance must be shown to have been deficient, and the Appellant must prove that he was so prejudiced by the deficiencies that there is a reasonable likelihood that, absent his counsel's errors, the result of his trial would

have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

As the Court of Appeals noted in its opinion, an avowal would have permitted the appellate court, on direct appeal, to have reviewed the issue for error. It seems clear that Appellant was prejudiced by the trial court's refusal to permit the testimony, as the evidence had a direct bearing on the reasonableness of Appellant's belief that he had need to act in self preservation. While it is true that Appellant himself testified as to the victim's status as a member of the "Outlaw Posse," it is evident to me that hearing this same information from a police officer who has no personal involvement in the events involved is far more likely to impress a jury. A hearing and the introduction of evidence was required to determine whether counsel was ineffective in failure to properly preserve the issue for appellate review.

I would affirm the opinion of the Court of Appeals and remand this matter to the Kenton Circuit Court for an evidentiary hearing.