**Alvin KNUCKLES, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–CA–002321–MR.

Court of Appeals of Kentucky.

Jan. 31, 2014.

Alvin Knuckles, Sandy Hook, KY, for Appellant pro se.

Jack Conway, Attorney General of Kentucky, Ken W. Riggs, Assistant Attorney General, Frankfort, KY, for Appellee.

Before ACREE, Chief Judge; TAYLOR and VANMETER, Judges.

*OPINION*

ACREE, Chief Judge.

Alvin Knuckles appeals from the Rockcastle Circuit Court's denial of his Kentucky Rule of Criminal Procedure (RCr) 11.42 motion to vacate his criminal convictions and the accompanying motions for an evidentiary hearing and appointment of counsel. We conclude an evidentiary hearing was necessary; we vacate the order in part and remand the matter for further proceedings. Because Knuckles' collateral attack cannot succeed on the basis of a trial error, we affirm a portion of the order.

## I. Background

Following a jury trial, Knuckles was convicted on two counts of trafficking in a controlled substance, first degree; one count of trafficking in a controlled substance, second degree; and a first-degree persistent felony offender charge. He was sentenced to a total of twenty-five years' imprisonment. The Supreme Court affirmed his conviction following Knuckles' direct appeal. *Knuckles v. Commonwealth*, 315 S.W.3d 319 (Ky.2010).

Knuckles subsequently filed a timely RCr 11.42 motion. In support thereof, he asserted his trial counsel had been deficient for failing to investigate certain matters which would purportedly have undermined the credibility of the Commonwealth's evidence or induced the jury to give him a reduced sentence, and for failing to adequately advise him regarding a plea offer and his rights during trial. He also requested that his sentence be vacated due to the alleged misrepresentation of a juror. Knuckles requested that an evidentiary hearing be conducted to resolve his claims and that he be appointed counsel to assist him.

The Commonwealth argued that a hearing was not necessary and claimed the record was sufficient to disprove all of the alleged bases of error. Nevertheless, the Commonwealth supplemented its response with two affidavits, one from an investigator who had assisted Knuckles' trial counsel and another from the trial attorney himself. Both affiants denied the bases of Knuckles' claims of ineffective assistance of counsel and made factual representations to that effect.

The circuit court relied upon these affidavits in denying Knuckles' motion for relief. No evidentiary hearing was conducted, and consequently the circuit court did not appoint counsel to represent Knuckles.

Knuckles appealed. He claims it was improper for the circuit court to deny his motion absent an evidentiary hearing, especially in light of its reliance upon the Commonwealth's affidavits. Knuckles, furthermore, reiterates that he did receive ineffective assistance of trial counsel; he also maintains a jury issue warrants vacating his sentence.

## II. Standard of review

■ To succeed on a claim of ineffective assistance of counsel, the defendant must show his trial attorney's performance was deficient and that the deficiency was prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). When considering an RCr 11.42 motion alleging ineffective assistance of counsel, the trial court must conduct an evidentiary hearing "if there is a material issue of fact that cannot be conclusively resolved, *i.e.,* conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth,* 59 S.W.3d 448 (Ky.2001) (citations omitted);

RCr 11.42(5). If a hearing is required, the trial court must appoint counsel to represent an indigent defendant. RCr 11.42(5).

## III. Discussion

### a. Lack of evidentiary hearing

We agree with Knuckles that the Commonwealth's use of affidavits, and the circuit court's reliance thereupon, was improper in the absence of an evidentiary hearing.

■ The purpose of an evidentiary hearing is to resolve questions of fact not resolvable from resort to the record alone. The hearing ensures a defendant the protections of due process in securing his right to effective assistance of trial counsel. To that end, he is permitted to call witnesses and present evidence in support of his motion, to cross-examine the witnesses for the Commonwealth, and to be represented by counsel. *See Drummond v. Todd County Bd. of Educ.,* 349 S.W.3d 316, 324 (Ky.App.2011) (citation omitted).

■ The Commonwealth's supplementation of the record by providing the circuit court affidavits was essentially an admission that the record was insufficient for resolution of Knuckles' motion. If the Commonwealth had truly believed the record was sufficient, then its objection to the RCr 11.42 motion should have stood on the strength of the existing record, should have referred to that record alone, and should not have required supplemental affidavits. If, on the other hand, the Commonwealth believed the record was insufficient and necessitated sworn statements by trial counsel and the investigator, then it should have raised no objection to Knuckles' request for a hearing and conceded that one was necessary.[1]

---

1. The Commonwealth protests that Knuckles himself attached an affidavit to his reply memorandum, and therefore the circuit court's consideration of the Commonwealth's affidavits was not unfair. We disagree. The

The Commonwealth contends a Supreme Court opinion, *Commonwealth v. Elza*, endorses the use of affidavits for summary resolution of RCr 11.42 motions. 284 S.W.3d 118 (Ky.2009). We disagree with this interpretation of the opinion. In *Elza*, the Supreme Court concluded the defendant had failed to identify any facts which supported his contention that the record was insufficient to resolve his claim of inefficient assistance of counsel. *Id.* Attaching an affidavit alleging facts not in the record was one method of demonstrating that an evidentiary hearing was necessary. *Id.* at 122. Nowhere, however, did the Supreme Court state that the use of affidavits could take the place of a hearing.

■ By merely considering the affidavits of two witnesses favorable to the Commonwealth, the circuit court effectively determined that the record was insufficient to resolve the RCr 11.42 motion and deprived Knuckles of the opportunity to cross-examine witnesses or to present evidence of his own. This contravened RCr 11.42(5). We must therefore vacate the portions of the circuit court's order concerning Knuckles' arguments of ineffective assistance of counsel and remand the matter for an evidentiary hearing on those matters.[2] He is, of course, entitled to representation by counsel on remand. RCr 11.42(5).

**b. Trial error**

■ The final argument Knuckles raises on appeal concerns a purported error of the trial court rather than the performance of his trial counsel. More specifically, Knuckles claims to have evidence that during *voir dire*, a member of the jury did not inform the circuit court that she knew of Knuckles and his history of drug use prior to trial. Knuckles does not allege that his trial counsel's performance was deficient in permitting this woman to sit on the jury. Concerns about the make-up of the jury are trial issues which should be raised on direct appeal and which are therefore not the proper basis of a collateral attack. *Leonard v. Commonwealth*, 279 S.W.3d 151, 156 (Ky.2009) (noting those claims which "could and should have been litigated in the direct appeal" are barred on collateral attack) (citations omitted).

The circuit court correctly denied Knuckles' RCr 11.42 motion on this ground.

**IV. Conclusion**

We affirm the circuit court's denial of Knuckles' RCr 11.42 motion on the basis of the alleged jury issue. The remainder of the order, however, is vacated because the circuit court considered evidence outside the trial record but did not afford Knuckles an evidentiary hearing. The matter is remanded for such a hearing and for proper resolution of the remaining bases of his claim of ineffective assistance of trial counsel.

ALL CONCUR.

■

---

Rule specifically requires a hearing where the record is not conclusive.

**2.** Had the circuit court rejected the Commonwealth's affidavits and instead relied solely upon the trial record, we too would have ignored the affidavits, and proceeded to analyze whether, in fact, the record did conclusively resolve Knuckles' claims.