RENDERED:  AUGUST 15, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0383-MR


LARRY WILLIAMSON　　　　　　　　　　　　　　　　APPELLANT


APPEAL FROM GALLATIN CIRCUIT COURT
v.　　　　　HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 14-CR-00083


COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE


OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND A. JONES, JUDGES.

JONES, A., JUDGE:  Larry Williamson appeals from the Gallatin Circuit Court's order denying his motion to vacate his sentence pursuant to RCr[1] 11.42.  Because the motion raises an issue which cannot be resolved on the face of the record, we affirm in part, vacate in part, and remand for an evidentiary hearing.

---

[1]  Kentucky Rules of Criminal Procedure.

# I. BACKGROUND

A summary of the underlying incident in this case may be found in this Court's published opinion stemming from Williamson's direct appeal:

> On November 10, 2014, Williamson was indicted on two counts of rape in the second degree, one count of sodomy in the second degree and one count of sexual abuse in the first degree. The victim was Williamson's stepsister. Previously, the victim lived with her mother and stepfather (who was her uncle, the brother of her father). During the summer of 2014 when the crimes were alleged to have occurred, the victim, who was twelve years old, was living with her stepmother (Williamson's mother) and her father (Williamson's stepfather). During this time, Williamson lived with his wife and grandparents.
>
> Fourteen jurors were selected to hear the evidence, with two alternate jurors to be dismissed before deliberations.
>
> Williamson testified in his defense along with his mother and stepfather. Part of his defense was that he was seldom around the victim in the summer when the crimes were alleged to have been committed.
>
> After deliberations, the jury found Williamson guilty on all counts and recommended he be sentenced to a total of fifteen years.

*Williamson v. Commonwealth*, 601 S.W.3d 469, 471 (Ky. App. 2019). We affirmed Williamson's conviction and sentence on direct appeal. *Id.* at 477.

Acting *pro se*, Williamson filed a timely motion to vacate his conviction and sentence pursuant to RCr 11.42. He raised three claims of

ineffective assistance in that initial motion: (1) trial counsel failed to conduct a reasonable investigation of the Commonwealth's witness, Tony Beach; (2) trial counsel failed to put on avowal evidence of two other potential suspects; and (3) trial counsel failed to call potential alibi witnesses. After the trial court appointed the Department of Public Advocacy (DPA) to represent Williamson, DPA counsel filed a supplemental RCr 11.42 motion which added two additional ineffective assistance claims: (1) trial counsel failed to investigate a defense grounded in Williamson's intellectual disability, including the failure to hire an expert for trial; and (2) trial counsel failed to move for a mistrial, a new trial, or an admonition after the trial court excused a juror, Juror 402, in the middle of trial.

This second supplemented issue requires some further explanation. After the close of evidence, but prior to closing arguments of counsel, the trial court learned that Juror 402 had failed to accurately answer questions during *voir dire*; the juror's private knowledge of Williamson, if it had been properly disclosed, may have led to a valid challenge for cause. *Williamson*, 601 S.W.3d at 471-72. After conferring with counsel, the trial court elected to effectively dismiss Juror 402 prior to deliberations by predesignating her as an alternate. *Id*. at 473. The trial court specifically instructed Juror 402 not to discuss her personal knowledge of Williamson with the other jurors. *Id*. at 472. We reviewed the issue for palpable error on direct appeal and held that "the brief delay in excusing Juror

-3-

402 cannot be shown to have had an adverse effect on the outcome of the trial, much less constitute manifest injustice, as there is absolutely no evidence that Juror 402 shared her 'insider knowledge' with anyone else on the jury." *Id*. at 473.

After receiving the Commonwealth's response to the RCr 11.42 motions, as well as Williamson's reply, the trial court entered an order denying the RCr 11.42 motions without granting an evidentiary hearing. This appeal followed.

## II. ANALYSIS

A successful petition for relief under RCr 11.42 based on ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires as follows:

> Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064). Both prongs

-4-

of *Strickland* must be met before relief is warranted under RCr 11.42. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

Although Williamson presented five broad categories of issues in his two RCr 11.42 motions, as outlined above, he effectively abandons the first three issues, those first raised in his *pro se* motion, by failing to present arguments related to those issues in his brief. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979). As a result, Williamson retains two surviving issues on appeal. First, Williamson contends his trial counsel was ineffective for failing to move for a new trial, mistrial, or jury admonition when Juror 402 was permitted to remain on the jury. In its order denying relief, the trial court found that Williamson's issues surrounding Juror 402 were "based upon assumption and speculation" (Record (R.) at 458) because there was no evidence Juror 402 had ever disclosed any information to the jury.

We agree with the trial court that this issue is entirely grounded in speculation. The trial court directly and unequivocally admonished Juror 402 that she was forbidden from disclosing her personal knowledge to the other jurors. *Williamson*, 601 S.W.3d at 472. Williamson argues that Juror 402 had the

opportunity to taint the jury, but he admits "there is nothing in the record that proves" she did so. (Appellant's Brief at 22.) Speculative claims, *i.e.*, "claim[s] that certain facts *might* be true . . . cannot be the basis for RCr 11.42 relief." *Mills v. Commonwealth*, 170 S.W.3d 310, 328 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). The trial court did not err in denying relief on this issue.

Williamson's second issue is not so easily dismissed. Williamson contends his trial counsel was ineffective for failing to investigate his intellectual disability and the subsequent putative errors which followed, including the failure to hire an expert to testify about the effect of his disability on competency and criminal responsibility. The trial court relied heavily on our decision in *Vincent v. Commonwealth*, 584 S.W.3d 762 (Ky. App. 2019), referring to the principles that defense counsel should be afforded "great discretion in trying a case, especially with regard to trial strategy and tactics[,]" *id.* at 770 (internal quotation marks omitted) (quoting *Harper v. Commonwealth*, 978 S.W.2d 311, 317 (Ky. 1998)) and "[i]t is not the function of this Court to usurp or second guess counsel's trial strategy." *Id.* at 771 (internal quotation marks omitted) (quoting *Commonwealth v. York*, 215 S.W.3d 44, 48 (Ky. 2007)).

A crucial distinction, however, between this case and *Vincent* is that the trial court in *Vincent* conducted an evidentiary hearing before arriving at the

conclusion that defense counsel employed a reasonable trial strategy. *Id.* at 767. Here, the trial court elected to disbelieve Williamson's assertions that counsel was ineffective for failing to investigate or otherwise avail himself of experts for trial without a hearing on the matter. "A hearing is required if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted). The motivations of counsel in undertaking one strategy over another are often not discernible without an evidentiary hearing. In similar fashion, a review of whether these strategic decisions were reasonable also typically requires the sort of illumination that an evidentiary hearing provides. "The trial judge may not simply disbelieve factual allegations in the absence of evidence in the record refuting them." *Id.* at 452-53 (citation omitted).

In an attempt to support the proposition that trial counsel's decisions regarding Williamson's intellectual disability were a matter of strategy, the Commonwealth attached an affidavit from Williamson's defense counsel to its response to the RCr 11.42 motion. In this affidavit, defense counsel gave reasons why he believed Williamson was competent and asserted his ability to "make a determination of whether someone is incompetent or not, without being a medical doctor." (R. at 409.) However, an affidavit is not a substitute for an evidentiary hearing in this context. In *Knuckles v. Commonwealth*, 421 S.W.3d 399, 401 (Ky.

App. 2014), we considered this issue and concluded that "[t]he Commonwealth's supplementation of the record by providing the circuit court affidavits was essentially an admission that the record was insufficient for resolution of [the defendant's] motion." Here, the Commonwealth attempted to inject evidence of trial counsel's strategic choices into the trial court's record. "Attaching an affidavit alleging facts not in the record was one method of demonstrating that an evidentiary hearing was necessary." *Id.* at 402 (citing *Commonwealth v. Elza*, 284 S.W.3d 118, 122 (Ky. 2009)). In our view, the trial court's denial of an evidentiary hearing on this issue was erroneous.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's order regarding the issues surrounding Juror 402. We vacate the portion of the trial court's order regarding trial counsel's purported failures to investigate and hire experts regarding Williamson's purported intellectual disability, and we remand for an evidentiary hearing on this matter pursuant to *Fraser*.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Martina L. Lytle
Chelsea M. Clem
Assistant Public Advocates
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky